DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARSHAWN WITHERSPOON,**

                    **Plaintiff,**

                                        **CIVIL ACTION**

v.

                                        **No: 08-2315-JAR-DJW**

**WYANDOTTE COUNTY, KANSAS,**

                    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's second Motion to Proceed Without Prepayment of Fees (doc. 6) and Plaintiff's second Motion for Appointment of Counsel (doc. 7).

**I.    Motion to Proceed Without Prepayment of Fees**

Plaintiff's first request to proceed in this action *in forma pauperis* (doc. 2) was denied without prejudice on July 16, 2008 for failure to submit a complete financial affidavit.[1] In support of her second motion to proceed in this action *in forma pauperis*, Plaintiff has attached a second Affidavit of Financial Status (doc. 6-2).

Section 1915(a) of Title 28 of the United States Code sets forth the circumstances under which an individual is allowed to bring proceedings *in forma pauperis*. It provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an

---

[1] *See* Order (doc. 5).

affidavit . . . that the person is unable to pay such fees or give security therefor."[2]  This Court therefore requires that the party seeking to proceed *in forma pauperis* submit a completed financial affidavit in support of his or her motion.

The Court has reviewed Plaintiff's second Affidavit of Financial Status (doc. 6-2) in support of her second Motion to Proceed Without Prepayment of Fees and finds that it is incomplete. Plaintiff's second Affidavit of Financial Status does not provide a specific net monthly or weekly income; Plaintiff merely states that her monthly net income "varies."  This is insufficient to allow the Court to determine whether Plaintiff has the financial means to pay the required filing fee. The Court must therefore deny, without prejudice, Plaintiff's second Motion to Proceed Without Prepayment of Fees (doc. 6).  Plaintiff should re-file the Motion to Proceed Without Prepayment of Fees with a completed Affidavit of Financial Status attached.  As Plaintiff indicates she has been employed by Labor Ready for two months, she should indicate what her monthly (or weekly) net pay has been for that two-month period.  She should also indicate what she anticipates her monthly (or weekly) net pay will be in the near future.  Plaintiff shall refrain from merely stating that her pay "varies."

## II.     Motion for Appointment of Counsel

Plaintiff's first Motion for Appointment of Counsel (doc. 3) was denied on July 16, 2008[3] for several reasons:  (1) Plaintiff had not been granted leave to proceed *in forma pauperis* nor had she paid the $350.00 filing fee required by 28 U.S.C. § 1914(a); (2) Plaintiff failed to identify the names of at least five lawyers whom she had contacted regarding representation in this action; and

---

[2]28 U.S.C. § 1915(a).

[3]*See* Order (doc. 5).

(3) Plaintiff's financial affidavit was incomplete. Plaintiff has now filed a second Motion for Appointment of Counsel (doc. 7). While that motion does identify the names of at leave five lawyers she has contacted regarding representation, the Court is still unable to grant the motion. Plaintiff has yet to be granted *in forma pauperis* status, and she has not paid the $350.00 filing fee as required by 28 U.S.C. § 1914(a). Furthermore, Plaintiff's Financial Affidavit (doc. 8) in support of her motion for counsel is incomplete in the very same respects that her Financial Affidavit in support of her second Motion to Proceed Without Prepayment of Fees (doc. 6-2) is incomplete.

It is well settled that a party has no constitutional right to appointment of counsel in a civil case.[4] The district court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis* pursuant to 28 U.S.C. 1915(e).[5] Until the Court determines that Plaintiff is unable to afford counsel and Plaintiff is granted *in forma pauperis* status, the Court is unable to appoint counsel under 28 U.S.C. § 1915(e). Accordingly, the Court must deny without prejudice Plaintiff's second Motion for Appointment of Counsel. Plaintiff should re-file her motion to appoint counsel and a completed Affidavit of Financial Status.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (doc. 6) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (doc. 7) is denied without prejudice.

---

[4] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[5] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

**IT IS FURTHER ORDERED** that if Plaintiff re-files any motion to proceed without prepayment of fees or motion for appointment of counsel, Plaintiff shall complete and file the required affidavits of financial status as set forth in this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 3rd day of September 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties